DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAY RUSSELL SINGER,**
Appellant,

v.

**NOREEN SINGER** and **SALLY CHAZAN,**
Appellees.

No. 4D19-2373

[April 15, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; G. Joseph Curley, Jr., Judge; L.T. Case No. 50-2018-CA-004117-XXXX-MB.

Jay Russell Singer, Lantana, pro se.

Noreen Singer, Boca Raton, pro se.

PER CURIAM.

This is approximately the twenty-seventh appearance of these parties in this court on various post-judgment dissolution of marriage issues. In *Singer v. Singer*, 278 So. 3d 79 (Fla. 4th DCA 2019), the most recent case, we reversed an order of the Broward County Family Court transferring the dissolution of marriage case to Palm Beach County where a civil proceeding was pending between the parties and a third person (the former wife's mother) regarding title to property in Palm Beach County. We held that there were still pending issues in the family law case in Broward, which had to be decided (a motion for attorney's fees), and the court could not sua sponte transfer venue of the family law matters to Palm Beach County without notice and an opportunity to be heard.

Apparently, the trial judge in this proceeding assumed that meant that the ongoing civil action in Palm Beach County should also be transferred to Broward County and he sua sponte entered an order transferring the case and closing the file. Nothing, however, in this court's opinion stated that the Palm Beach County action should be transferred to Broward County. The Palm Beach County civil action was not a part of the appeal.

Both parties concede, and we agree, that the judge could not transfer the Palm Beach County civil proceeding to Broward County. We had already decided in an earlier case, *Singer v. Singer*, 219 So. 3d 944, 944 (Fla. 4th DCA 2017) (citation omitted), that the final order in Broward family court "did not contain a specific reservation of the court's jurisdiction to permit a supplemental complaint postjudgment to add a third party. Affirmance is without prejudice for appellant to seek relief against any third parties in a separate civil action." The Palm Beach County action against the former wife and her mother, was filed directly in response to this decision. Thus, the instant case could not be included in the Broward family court case, and the trial court's transfer of the case was in error.

Furthermore, just as in the last *Singer* case, the trial court violated the parties' due process rights by transferring the case sua sponte, with motions pending, when no motion had been made to seek a change of venue or to request that the case be closed. *Singer*, 278 So. 3d at 80-81; *see also, Morris-Edge Masonry, Inc. v. Tonn & Blank, Inc.*, 461 So. 2d 1036, 1037 (Fla. 4th DCA 1985) (finding trial court's sua sponte order of consolidation, that had the effect of transferring plaintiff's action to another county, deprived the plaintiff of due process where no notice or opportunity to be heard was given by trial court).

*Reversed and remanded for reopening of case and for further proceedings.*

WARNER, KLINGENSMITH and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**